IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALEXANDER SZIPOCS #07-19171 § | |
| § | |
| V. § | A-07-CA-638-LY |
| § | |
| GREG HAMILTON, § | |
| NURSE RUBY HUERTAS[1], § | |
| and NURSE PRACTITIONER § | |
| BARBARA MACPHEARSON[2] § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); Plaintiff's More Definite Statement (Document No. 8); and Defendants' Motion for Summary Judgment (Document No. 22). Plaintiff did not file a response thereto. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

---

[1] Plaintiff previously identified this defendant as Nurse Huerta. The affidavit attached to Defendants' Motion for Summary Judgment indicates her name is Huertas. See Defendants' Exhibit B. Accordingly, the Court's records will reflect the correct spelling of Nurse Huertas' name.

[2] Plaintiff previously identified this defendant as Dr. McPhearson. The affidavit attached to Defendants' Motion for Summary Judgment indicates the defendant he intended to sue is Nurse Practitioner Barbara MacPhearson. See Defendants' Exhibit C. Accordingly, Nurse Practitioner Barbara MacPhearson will be substituted as the defendant previously identified as Dr. McPhearson.

## I.  BACKGROUND

At the time he filed his amended complaint, Plaintiff was an inmate incarcerated in the Travis County Correctional Complex. Plaintiff alleges he was refused adequate medical care for a spider bite sustained during his incarceration at the Travis County Correctional Complex.  He alleges he now has nerve damage and scars on his arm.  Plaintiff sues Sheriff Greg Hamilton and the medical staff at the jail.  He seeks monetary damages.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement.  In addition, the Court notified Plaintiff the medical staff was not an entity capable of being sued.  Plaintiff was ordered to identify the individuals he wished to sue.  Plaintiff indicated in his more definite statement that he is suing Sheriff Hamilton because the sheriff is responsible for the jail.  He also indicated he wished to sue "Nurse Ruby Huerta" and "Dr. McPhearson" for their alleged inadequate medical care.  Huerta and McPhearson were substituted for the defendants previously identified as the medical staff and service was ordered.

Defendants indicate Barbara MacPhearson is a nurse practitioner, not a doctor, and corrects the spelling of her last name.  Defendants also provide the correct spelling of Nurse Huertas' name. Defendants move for summary judgment, arguing Sheriff Hamilton had no personal involvement with Plaintiff's medical care.  Defendants also assert their entitlement to qualified immunity.  In addition, they argue Plaintiff has not alleged a proper claim for lack of medical care.  With respect to Plaintiff's claims brought against them in their official capacities, they argue Plaintiff has not identified any official policy, custom or practice that allegedly caused Plaintiff's alleged injuries.

## II. ANALYSIS

A.      Standard of Review Under Fed. R. Civ. P. 56(c)

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed. R. Civ. P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely

whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

    B.    Qualified Immunity

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). In evaluating an assertion of qualified immunity, the court conducts a two-prong inquiry. McClendon v. City of Columbia, 305 F.3d 314, 322 (5th Cir. 2002) (en banc). First, the court asks "whether a constitutional right would have been violated on the facts alleged." Id. at 322-23. Second, the court asks whether the constitutional right was "clearly established." Id. at 323.

The Fifth Circuit has held that a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights. Hare v. City of Corinth, 74 F.3d 633, 647-48 (5th Cir.1996) (en banc). The court then defined subjective deliberate indifference as subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference. Id. at 650. The Fifth Circuit has held that deliberate indifference to an inmate's serious medical needs could state a civil rights violation, but a showing of nothing more than negligence does not. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997); Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). However,

simple disagreement with the medical treatment received or a complaint that the treatment received has been unsuccessful is insufficient to set forth a constitutional violation. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985); Norton, 122 F.3d at 293.

Furthermore, malpractice alone is not grounds for a constitutional claim. Varnado v. Collins, 920 F.2d 320, 321 (5th Cir. 1991). Negligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action. Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993). The Fifth Circuit has held that the fact that medical care given is not the best that money can buy, and the fact that a dose of medication may occasionally be forgotten, does not amount to deliberate indifference to serious medical needs. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Deliberate indifference is an extremely high standard to meet. A prison official acts with deliberate indifference only if he knows that an inmate faces a substantial risk of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 847, 114 S. Ct. 1970, 1984 (1994). A plaintiff must show that the official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dep't Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit has held that an inmate who had been examined by medical personnel on numerous occasions failed to set forth a valid showing of deliberate indifference to serious medical needs. Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). It should be noted in this regard that medical records of sick calls, examinations, diagnoses, and medications may rebut

an inmate's allegations of deliberate indifference to serious medical needs. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).

The summary judgment evidence shows Defendant Hamilton was not personally involved in the alleged constitutional violation. It appears Plaintiff is attempting to hold Defendant Hamilton liable in his supervisory capacity. Supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship. Monell v. Department of Social Services, 436 U.S. 658, 693, 98 S. Ct. 2018, 2037 (1978); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Id. at 304. Plaintiff has failed to provide a basis for holding Defendant Hamilton liable in this case.

The summary judgment evidence similarly defeats Plaintiff's claims against Defendants Huertas and MacPhearson. The summary judgment evidence shows on May 16, 2007, Nurse Practitioner MacPhearson examined Plaintiff for a spider bite on his upper right arm. See Defendants' Exhibits C and A-3 at 2450204. MacPhearson ordered a Benadryl injection to prevent an allergic reaction, prescribed erythromycin, an antibiotic, to prevent infection, and Naproxen, a prescription pain reliever. Id. On May 18, 2007, Nurse Huertas saw Plaintiff on the wound line and treated the abscess that had developed around the spider bite. See Defendants' Exhibit A-3 at 2450242. On May 21, 2007, MacPhearson noted that "there was a decreased area of redness

consistent with healthy healing." Id. On May 25, 2007, Nurse Huertas applied polymem to Plaintiff's wound to promote healing by encouraging tissue granulation. Id. at 2450241. On June 4, 2007, Huertas noted that the wound had completely healed, and Plaintiff was discharged from the wound line. Id. Five days later, Huertas treated Plaintiff on the wound line for a small abscess below the original abscess. Id. at 2450240. Huertas treated Plaintiff on at least seventeen occasions on the wound line. Id. at 2450238-2450242. On June 20, 2007, Huertas referred Plaintiff to the nurse practitioner due to the appearance of multiple small abscesses. Id. at 2450239. The nurse practitioner ordered an oral antibiotic, Bactrim, and a topical antibiotic, Bactroban. Id. at 2450201. Huertas continued follow-up care of Plaintiff on the wound line. Id. at 2450238. Plaintiff's medical records indicate that Plaintiff's wounds had resolved on July 13, 2007, and he was discharged from the wound line by another nurse at that time. Id. at 2450238 and Exhibit B.

Plaintiff has provided no competent summary judgment evidence to show Nurse Huertas or Nurse Practitioner MacPhearson were deliberately indifferent to his medical needs. To the contrary, the summary judgment evidence shows Plaintiff received numerous consultations, examinations, treatment and medications, negating a showing of deliberate indifference.

    C.    Travis County Liability

Plaintiff's claims brought against the Defendants in their official capacities are the same as if the claims were brought against Travis County. However, a political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy

that caused the plaintiff to be subjected to the deprivation of a constitutional right.  Id.; Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115, 112 S. Ct. 1061 (1992).  Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage.  Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S. Ct. 3476 (1985).  A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy."  Pembaur v. Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299 (1986).  Plaintiff failed to identify a policy, practice or custom of Travis County that caused a deprivation of his constitutional rights.

### III. RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendants' Motion for Summary Judgment.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of April, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE